**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Annette M.,

Plaintiff,

v.

Frank Bisignano, *Commissioner of Social Security*,

Defendant.

Civil No. 25-3473 (DWF/EMB)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Plaintiff Annette M.'s complaint seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. (Doc. No. 1.) Plaintiff asks the Court to remand this matter to the Commissioner for further proceedings. (Doc. No. 21.) The Commissioner opposes this request and asks the Court to affirm the denial. (Doc. No. 22.) For the reasons set forth below, the Court denies Plaintiff's request and affirms the Commissioner's denial of benefits.

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income in January 2023, first alleging a disability onset date of November 9, 2018, and later

amending that date to August 30, 2023. (Tr. 10.)[1] An Administrative Law Judge ("ALJ") denied Plaintiff's applications on July 9, 2024. (Tr. 21.) That decision became final on July 9, 2025. (Tr. 1-5.) Plaintiff now seeks review of the ALJ's decision. (Doc. No. 1.)

The ALJ followed the five-step sequential evaluation process outlined in 20 C.F.R. § 404.1520(a)(4) (2026) and § 416.920(a)(4) (2026).[2] At step two, the ALJ found that Plaintiff has the following severe impairments: migraines, headaches, cervical facet joint arthropathy, and cervical spine degenerative disc disease. (Tr. 13.) At step three, the ALJ concluded that Plaintiff's severe impairments did not meet or equal any listing in the Listing of Impairments. (Tr. 15.) Therefore, the ALJ moved on to determining Plaintiff's RFC. (Tr. 15-20.) In formulating Plaintiff's RFC, the ALJ did not get an additional consultative examination. (*See* Tr. 17-20.) Consequently, the only medical opinion the ALJ reviewed from after the amended alleged onset date was the state agency medical consultant at the reconsideration level whose opinion was rendered on September 26, 2023. (*See* Tr. 19, 85-105.) Additionally, the ALJ found that Plaintiff's "statements

---

1 Throughout this Order, the Court uses the abbreviation "Tr." to reference the administrative record. (*See* Doc. Nos. 10, 10-1.)

2 First, the ALJ determines whether the claimant has engaged in any substantial gainful activity. Second, the ALJ determines whether the claimant has any severe medically determinable impairments. Third, the ALJ compares any severe impairments found to the Listing of Impairments to assess whether the claimant's impairments meet or equal one of the listed impairments. Before moving from step three to step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). Fourth, the ALJ uses the claimant's RFC to determine whether they can perform their past relevant work. Fifth, and finally, the ALJ considers whether the claimant can perform any other job given their RFC, age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 16.) Plaintiff has no past relevant work, so the ALJ skipped to step five and found that there are jobs that Plaintiff can perform that exist in significant numbers in the national economy. (Tr. 20.) Therefore, the ALJ found Plaintiff is not disabled and the Commissioner denied Plaintiff's applications for disability benefits. (*See* Tr. 21.)

## DISCUSSION

A court will affirm an ALJ's decision to deny benefits if that decision is supported by substantial evidence in the record as a whole and the ALJ made no legal error. 42 U.S.C. § 405(g); *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (citation modified). In some cases, substantial evidence supports two conflicting outcomes, creating a "zone of choice" where the ALJ may exercise their discretion. *See id.* A court will not overturn an ALJ's decision if it falls within that zone, even if it might have reached a different conclusion. *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008). A legal error may be a procedural error, use of the wrong legal standard, or improper application of the law. *See Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020).

Plaintiff brings two challenges to the ALJ's RFC determination. First, she argues that the ALJ erred by failing to request a consultative examination and instead relying on her own reading of raw medical records. Second, she argues that the ALJ erred by disregarding Plaintiff's subjective complaints. The Court addresses each in turn.

## I. Consultative Examination

Plaintiff argues that the ALJ should have obtained a consultative examination to consider her ability to function after her amended alleged onset date and the worsening of her migraines. The RFC represents the most a claimant can do in a work setting despite their limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ determines a claimant's RFC by reviewing all relevant evidence, including medical records, statements and observations of treating physicians, and the claimant's own description of their limitations. *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022). The ALJ's assessment must be supported by some medical evidence, but "there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.*

Generally, a claimant is responsible for providing the evidence the ALJ uses in determining their RFC. However, an ALJ does have a duty to develop the record, which sometimes includes a duty to arrange for a consultative examination. 20 C.F.R. § 1545(a)(3); *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). [T]his duty is not never-ending and an ALJ is not required to disprove every possible impairment." *McCoy*, 648 F.3d at 612. Failure to order a consultative examination is only reversible error where such an evaluation was necessary for the ALJ to make an informed decision. *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000). A consultative examination is not necessary where the ALJ's ultimate determination is supported by substantial evidence in the record. *Adamczyk v. Saul*, 817 F. App'x 287, 290 (8th Cir. 2020).

Here, the ALJ did not err by failing to order a consultative examination because her RFC determination is supported by substantial evidence in the record. The worsening

of Plaintiff's migraines started in March 2023, so the state agency medical consultant on reconsideration did consider those records. Additionally, the record does not show that there were further changes in her symptoms, just a change in frequency in March 2023. After the state agency medical consultant submitted his opinion in September 2023, the only changes were to her treatment plan, not to her symptoms. The ALJ thoroughly reviewed those records, and Plaintiff has not explained why the ALJ was unequipped to analyze them. Accordingly, Plaintiff has not shown that the ALJ failed to properly develop the record in her case.

## II. Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ did not properly address her subjective complaints. When considering a claimant's symptoms, an ALJ must follow a two-step evaluation process:

> First, we must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, we evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities . . . .

SSR 16-3p, 82 Fed. Reg. 49462 (Oct. 25, 2017). An ALJ may discount a claimant's subjective complaints if there are inconsistencies in the record as a whole. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). However, the ALJ cannot solely discount a claimant's subjective complaints based on objective medical evidence and must also consider "any evidence relating to the so-called *Polaski* factors, namely: (i) a claimant's

daily activities; (ii) the duration, frequency, and intensity of the claimant's pain; (iii) precipitating and aggravating factors; (iv) dosage, effectiveness, and side effects of medication; and (v) functional restrictions." *Id.* at 802. If the ALJ rejects or discounts a claimant's complaint, they "must detail the reasons for discrediting the testimony and set forth the inconsistencies found." *Lewis v. Barnhart*, 353 F.3d 642, 347 (8th Cir. 2003). Before discounting a claimant's subjective complaints, an ALJ must consider more than just objective medical evidence. *Guilliams*, 393 F.3d at 802.

Here, the ALJ did not rely solely on objective medical evidence to discount Plaintiff's subjective complaints. The ALJ discussed extensively the effectiveness and side effects of the medications Plaintiff has been taking. (*See* Tr. 17-18.) She also discussed Plaintiff's daily activities in relation to her mental limitations elsewhere in the decision. (*See* Tr. 13-14.) This is sufficiently detailed reasoning. Although the Court may disagree with the ALJ's weighing of the evidence, the Court cannot reweigh the evidence now.

Plaintiff also argues that the ALJ formulated her RFC before reviewing the evidence, then partially rejected her subjective complaints because they were not consistent with that predetermined RFC. An ALJ cannot formulate an RFC *then* assess credibility of a claimant's subjective complaints or medical opinions based on whether that evidence is consistent with their predetermined RFC. *See Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 78, 787-88 (7th Cir. 2003); *Dogan v. Astrue*, 751 F. Supp. 2d 1029, 1041-42 (N.D. Ind. 2010). Here, the Commissioner used language like "is consistent with the limitations set forth in the residual functional capacity" when referring to the

objective medical evidence and Plaintiff's subjective complaints. (Tr. 18.) However, reading the decision as a whole, it is clear that the ALJ did not disregard Plaintiff's subjective complaints merely because they did not fit a predetermined RFC. The ALJ primarily discussed how Plaintiff's subjective complaints were inconsistent with other evidence in the record, not the RFC. (Tr. 17.) Accordingly, the Court denies Plaintiff's request and affirms the Commissioner's final decision.

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Annette M.'s request for relief (Doc. No. [21]) is **DENIED**.
2. The Commissioner's request for relief (Doc. No. [22]) is **GRANTED**.
3. The complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 1, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge